T.C. Memo. 2009-194

UNITED STATES TAX COURT

RALPH P. & ANGELA CUNNINGHAM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22173-07.                Filed August 31, 2009.

Ralph P. & Angela Cunningham, pro sese.

<u>Michael Medina</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $11,515
and a late-filing addition to tax of $1,056.25 in relation to
petitioners' 2002 Federal income tax return.  The issues for
decision are whether petitioners' reported losses from horse
activities are limited by section 469 and whether petitioners
have shown reasonable cause for the late filing of their return.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners were residents of New York when they filed their petition. During 2002, Ralph P. Cunningham (petitioner) was employed on the dental faculty at New York University and maintained a private dental practice in Peekskill, New York.

Petitioners' joint 2002 Form 1040, U.S. Individual Income Tax Return, was filed on April 21, 2006. On Schedule E, Supplemental Income and Loss, petitioners claimed losses from five separate horse activities located in California and described as Roys Race Synd 2B, Roys Race Synd #3C, Bonnies Race Synd 1A, Bonnies Race Synd 2B, and Bonnies Race Synd 3C. Petitioners' return and the partnership returns reporting the losses from the horse activities were prepared by Robert Gruntz (Gruntz).

Petitioners did not actively participate in the horse activities and had no knowledge of whether or not the horse activities occurred as represented in the partnership returns. They relied on representations by Gruntz in deducting the partnership losses against their other income.

In the notice of deficiency, the partnership losses reported by petitioners were disallowed as passive activities under section 469. Petitioners were advised by Gruntz not to cooperate with respondent's requests for information.

When notice was issued on January 14, 2009, setting the case for trial in New York on June 15, 2009, petitioners initially continued to refuse to cooperate, following the advice of Gruntz. On May 19, 2009, petitioners filed a motion for continuance suggested by Gruntz, alleging that there was confusion about the issues in the case. The Court set the motion for hearing in order to clarify the issues. When the case was called for trial, petitioners executed a stipulation attaching exhibits but without any narrative facts, and they withdrew their motion for continuance.

## OPINION

Section 469 generally limits deduction of losses from "passive activities" to income generated by such activities and prohibits deduction of such losses against the taxpayer's other income. To avoid the limitations of section 469, taxpayers must establish that they materially participated in the activities. Sec. 469(h). Petitioners have not shown any participation, much less material participation, in the horse activities in issue. They simply signed returns claiming substantial losses without

investigation or knowledge of the accuracy of the partnership returns for the horse activities.

Petitioner asserts in a posttrial memorandum that he was "duped by a charlatan and in essence Robert Gruntz tacitly implied that I should fabricate a log that would show 'material participation'". Petitioners assert that the liability would be a financial burden for their family and "petition the Court to consider reducing the liability, throwing [themselves] at the mercy of the court." They conclude with: "Just Google Robert Gruntz to see more."

This Court cannot reduce a liability without any basis in law and directly contrary to the law applicable to the facts appearing from the record in this case. We cannot "Google" or otherwise consider information outside of the record. It is hard to understand, however, how that information could help petitioners. We have no way of knowing when they discovered adverse information about the alleged charlatan, and that information would be relevant only if an accuracy-related penalty were asserted.

The addition to tax in issue in this case is for late filing of petitioners' return due April 15, 2003. Petitioners do not deny that the return was filed late. Section 6651(a)(1) provides that, in the case of failure to file a tax return on the date prescribed for filing (including any extension of time for

filing), there shall be added to the tax required to be shown on the return an amount equal to 5 percent of that tax for each month or fraction thereof that the failure to file continues, not exceeding 25 percent in the aggregate, unless it is shown that the failure to file timely is due to reasonable cause and not due to willful neglect.

Reasonable cause for delay is established where a taxpayer is unable to file timely despite the exercise of ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 & n.4 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect has been defined as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245. Whether a failure to file timely is due to reasonable cause and not willful neglect is a question of fact. See id. at 249 n.8; Commissioner v. Walker, 326 F.2d 261, 264 (9th Cir. 1964), affg. on this issue 37 T.C. 962 (1962).

Other than their reliance on Gruntz, whose qualifications as a tax adviser are not in the record, petitioners have offered no explanation of the reasons for the late filing of their return or the steps, if any, they took to secure timely filing. They have not established reasonable cause. See generally United States v. Boyle, supra.

For the reasons set forth herein,

<u>Decision will be entered</u>

<u>for respondent</u>.